ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| BEVERLY DAVIS | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 23215 |
| v. | § | |
| | § | 3-08CV1123-L |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Beverly Davis ("Plaintiff" or "Davis"), by counsel brings this action for race discrimination in violation of Title VII, 42 U.S.C. 2000e, et seq. and retaliation against Defendant, City of Dallas ("Defendant" or "City of Dallas") and would respectfully show the Court as follows:

### I.

### PARTIES

1.01   Davis is a citizen of the United States and a citizen and resident of the State of Texas, who resides at 2530 Woodmere Drive, Dallas, Texas 75233.

1.02   Defendant, the City of Dallas, Texas is a municipal corporation that is located in Dallas, Denton and Collin Counties. The Defendant may be served with process by serving its City

Attorney, Mr. Thomas P. Perkins, Jr. at Dallas City Hall, 1500 Marilla, Room 7DN, Dallas, Texas 75201-6622.

## II.

## JURISDICTION AND VENUE

2.01   Jurisdiction is conferred on this Court by 28 U.S.C. §1331, and pendent and supplemental jurisdiction of the common law claims.

2.02   Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District, pursuant to 28 U.S.C. §1391. Plaintiff's EEOC charge was filed and pursued in the Dallas District office of the EEOC. *See exhibit A.*

## III.

## FACTUAL ALLEGATIONS

3.01   Plaintiff began working for the City of Dallas as a Personal Analyst in April of 1982. From October of 1982 to April of 1988, Plaintiff was promoted several times and held various positions in five city departments

3.02   In April 1988, Plaintiff was promoted to her current position of Assistant Director of Equipment and Building Services.

3.03   In December 2004, Director of EBS, Steven Park retired and Jack Ireland was promoted to Director of EBS from the Budget Office. There were no interviews and the position was not posted. From 1988 to 2004 Ms. Davis received exemplary employment reviews.

3.04 On or about April 25, 2005 Director Ireland conducted performance reviews under the new "Bell Curve" system and gave Plaintiff a rating of "Has Potential." Possible ratings are: "Unsatisfactory," "Has Potential," "Fully Successful," "Superior," and "Distinguished." As a result her raise was reduced. In addition, her retirement is also reduced.

3.05 Plaintiff filed an appeal with the Assistant City Manager, Jill Jordan, in accordance with the two-step appeal process accorded to all employees for performance ratings per City of Dallas policy.

3.06 On or about May 31, 2005 an appeal hearing was held with Assistant City Manager, Jill Jordan. Jordan stated in the hearing that she and Ireland had discussed the rating and she concurred with Ireland. Jordon also told Plaintiff that her division had not done enough to promote the Office Recycling Program. Jordan also stated that she had "heard" that Plaintiff's family was more important to her and that many years before Plaintiff had reported to work at 9:00 am.

3.07 On or about June 20, 2005 Assistant City Manager Jordan states she is upholding the performance rating and informed Plaintiff that she had the right to appeal to the City Manager, Mary Suhm.

3.08 On or about June 24, 2005 Plaintiff appealed Jordan's decision to the City Manager, Mary Suhm.

3.09 Between August and September of 2005 Plaintiff repeatedly tried to set up a time for her appeal to the City Manager. The City Manager's office kept canceling the meetings.

3.10    Tomas Gonzales, is appointed as new Assistant City Manager with responsibility for EBS.

3.11    In January of 2006 Plaintiff discussed her frustration with Gonzalez over the City of Dallas not following the appeal process. He suggested Plaintiff send an email to the City Manager requesting a meeting.

3.12    On or about January 23, 2006 Plaintiff sent City Manager, Mary Suhm an email requesting a meeting. Plaintiff did not receive a response.

3.13    On or about January 25, 2006 Plaintiff received her 2005 evaluation by Jack Ireland and received a "Fully Successful" rating. Ireland stated to Plaintiff that he was not wrong in his previous rating but had changed the way he looked at the ratings. Plaintiff expressed to Ireland that she felt her rating should have been higher in consideration of all the work Plaintiff had done on the Hurricane Katrina task force. Ireland said any extra work that had been done on the task force was expected. Plaintiff learned later that several of the executives that worked on the Katrina task force did indeed receive "Superior" ratings. As a result, Ms. Davis's raise was reduced as is her retirement.

3.14    On February 10, 2006 Plaintiff filed an EEOC complaint regarding her performance ratings and charged race discrimination by the City of Dallas.

3.15    In February 2006 Plaintiff was informed by Jack Ireland that she could not take sick time to help take care of her ill father, even after it was approved under the Family Leave policy in February of 2006. Human Resources Generalist, Neal Floyd informed Ireland that Plaintiff was entitled to take sick time. Plaintiff's father died of lung cancer on March 16, 2006.

3.16    Plaintiff received a call from the City Manager's office saying they wanted to schedule my appeal hearing. The call came after the filing of the EEOC complaint. The City Manager's office

said there must have been a mix up and that was why it had taken so long. The hearing was scheduled for April 3, 2006. Plaintiff declined the hearing in deference to the EEOC investigation.

3.17   In May of 2006 Ireland made unfounded accusations toward Plaintiff that she had intentionally missed a meeting with him. Plaintiff responded to Ireland and copied the City Manager and Director of Human Resources that she had not intentionally missed the meeting and she would not be the subject of bullying, harassment and intimidation by Ireland.

3.18   On or about August 18, 2006 Plaintiff attended the City Manager's weekly agenda and briefing meeting ("small group") to present a briefing on City Hall Security. At the meeting Plaintiff was harassed and publicly humiliated by constant interruptions and put-downs by the City Manager. The next day one of the Assistant City Managers called and apologized for the way she was treated.

3.19   On or about October 17, 2006 a briefing was passed out during a Directors meeting indicating that African American employees were more likely to be rated as "Unsatisfactory" or "Has Potential." African Americans received the top rating of "Distinguished" 47% less than the city average. *See exhibit B.*

3.20   On or about October 26, 2006 Plaintiff received her 2005/2006 performance rating by Irelend and was rated "Fully Successful." Plaintiff asked Ireland if he had reviewed her accomplishments for the year. He said they were all within her expected job duties. He also said he rated everyone the same, which was not the case. Assistant Director Ramiro Lopez was rated "Superior."

3.21   In November, 2006 Plaintiff appealed her performance rating to Jill Jordan, Assistant City Manager.

3.22   In January, 2007 Plaintiff attended her appeal hearing with Jordan. Plaintiff told Jordan she felt her review had been handled in a discriminatory manner and requested she change her rating to "Superior." Jordan stated that she was surprised at how much the Building Services had accomplished but how did she know that Plaintiff had anything to do with that.

3.23   Plaintiff received a letter from Jordan upholding the rating of "Fully Successful" and was informed by Jordan that she had no other appeal rights.

3.24   Plaintiff inquired of Human Resources about her right to appeal to the City Manager. He was told that Mary Suhm would not hear any appeals but he would check with Margaret Wright, Assistant Director of Human Resources.

3.25   Plaintiff received an email from Margaret Wright stating there was a second level appeal if the first level is with the Assistant City manager level.

3.26   Plaintiff received a letter from the City Manager, Mary Suhm telling Plaintiff that she did not have a right to appeal but she would meet with her since she was a long-term employee.

3.27   On March 23, 2007, Plaintiff filed a retaliation complaint with the EEOC against the City of Dallas.

3.28   In April of 2007 Plaintiff attended "courtesy meeting" with Mary Suhm along with counsel, Theodore Anderson.

3.29   On or about June 7, 2007, Plaintiff attended a retreat sponsored by the City of Dallas to do team building. Part of the process was to assess oneself as well as other members of the executive team, this was done in a confidential manner, so that the results could be shared without anyone knowing who made the comments.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                        PAGE 6
##94394 V1 - PLAINTIFF'S ORIGINAL COMPLAINT -DAVIS

3.30 On or about June 13, 2007 Ireland came into Plaintiff's office and asked her if she had made certain negative comments about him. Ireland's conduct was unprofessional considering all comments were made without fear of reprisal.

3.31 On or about June 13, 2007 Plaintiff received a notice that the City Manager was upholding Plaintiff's Performance Rating.

3.32 On August 8, 2007 Plaintiff received a Letter of Determination from the EEOC. The EEOC conducted an investigation which resulted in a finding of discrimination by the City of Dallas.

3.33 On November 6, 2007, Plaintiff sent a letter to the City Manager, with copies to the City Attorney, Assistant City Manager and Human Resources Director expressing concern that Jack Ireland was administering the Performance Evaluation System in a discriminatory manner. Managers and supervisors were asked to change ratings to create more of a "Bell Curve."

3.34 On January 17, 2008, Ireland held a meeting with executive staff and the Director of Human Resources stating that that he is reorganizing staff and moving the Design and Construction division from Plaintiff's supervision. Plaintiff voiced her opposition and stated it was a continuation of the retaliation and discrimination she has been experiencing. Plaintiff voiced further concern to Jack Ireland and the Director of Human Resources that she was not given consideration to a private meeting or any discussion prior to the removal of the group from her supervision. Jack Ireland responded that the changes would go into effect immediately without a transition period.

3.35 On January 18, 2008, Plaintiff received a letter from the EEOC that they were recommending Settlement of $150,000. The EEOC also advised that the city had been very uncooperative and they expected the city would not accept the recommendation.

3.36   On January 23, 2008, Plaintiff received Performance Review by Jack Ireland and was again rated "Fully Successful." Plaintiff stated that she felt her accomplishments had been ignored and she intended to appeal.

3.37   On February 12, 2008, Plaintiff received a Notice of Conciliation Failure from the EEOC, with notice that it was being referred to the Justice Department.

3.38   On February 21, 2008 Plaintiff had an appeal hearing with David Brown, Interim Assistant City Manager. In March of 2008, he upheld the rating given by Jack Ireland.

3.39   On April 28, 2008, Plaintiff attended an appeal hearing with Mary Suhm. Plaintiff stated she felt there was a pattern and practice of discrimination since Jack Ireland had become Director of the department. Mary Suhm said she thought it was a "personality conflict."

## IV.

## FIRST COUNT

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. 2000e, *et seq.*

4.01   The foregoing paragraphs of this Complaint are incorporated in this Count as fully as if set forth at length herein.

4.02   Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Black.  42 U.S.C. §2000e(f).

4.03   Defendant is an employer within the meaning of Title VII.  42 U.S.C. §2000e(b).

4.04   All conditions precedent to filing this action for discrimination under federal law have been met. Plaintiff timely filed her charge of discrimination on the basis of race with the EEOC, and the EEOC has within ninety (90) days of filing this lawsuit issued Notice of Right to Sue to Plaintiff, a copy of which is attached as Exhibit C hereto.

4.05   Defendant has violated Title VII, as amended, by harassing Plaintiff and/or creating a hostile work environment, and/or discriminating and/or retaliating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's race, and because Plaintiff engaged in protected activity, including reporting violations of Title VII and filing a charge with the EEOC.

4.06   Defendant has engaged in a single, continuous course of conduct of discrimination and retaliation against Plaintiff because of her race in order to destroy Plaintiff, her career, and her professional life.

4.07   Defendant maliciously and recklessly violated its own established rules and procedures to inflict pain and suffering upon the Plaintiff.

4.08   Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

4.09   Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages.

# V.

## SECOND COUNT

## RETALIATION

### (Contingent on Right to Sue Letter)

5.01    The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

5.02    Plaintiff has filed a charge of retaliation with the EEOC. This claim will mature when the EEOC issues its right to sue letter.

5.03    Defendant has retaliated against Plaintiff for engaging in protected activities by reporting an environment hostile to Plaintiff based upon race by committing the retaliatory act of denying Plaintiff advancement. Defendant has thereby intentionally engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.* and 29 U.S.C. §623(d).

5.04    All conditions precedent to filing this action for discrimination and retaliation under federal law have been met. Plaintiff timely filed his charge of retaliation based upon protected activities.

5.04    Defendant has engaged in a single continuous course of conduct of retaliation against Plaintiff because of Plaintiff's protected complaints of discrimination and harassment based upon race, and by subjecting Plaintiff to a hostile environment in order to destroy Plaintiff, his career, and his personal life.

5.05    Such retaliation by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover reinstatement and damages from Defendant for back pay, front pay, future

pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses. Further, this retaliation was done by Defendant with intentional malice or with reckless indifference to Plaintiff's protected rights. Such retaliation constitutes gross, wanton, reckless, and/or intentional violation of Plaintiff's rights. Plaintiff is therefore also entitled to recover punitive and/or liquidated damages. Plaintiff is also entitled to recover all costs of Court, and attorneys' fees.

## VI.

## THIRD COUNT

### DISCRIMINATION IN VIOLATION OF 42 U.S.C.§1981

5.01   The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

5.02   Defendant has deprived Plaintiff of her right to advance her career and professional life because of Plaintiffs' race and national origin in violation of 42 U.S.C.§1981.

5.03   Defendant has engaged in a single, continuous course of conduct of discrimination against Plaintiff because of her race, and in retaliation, in order to destroy Plaintiff's career and professional life.

5.04   Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses. Further, this discrimination was done by Defendant with malice or reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to recover punitive

damages in the sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff also seeks to recover all costs of Court, attorney's fees, and experts' fees.

## VII.

### JURY TRIAL DEMANDED

6.01   PLAINTIFF DEMANDS A TRIAL BY JURY.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant:

(1)   Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2)   Judgment for back pay and front pay as allowed by law;

(3)   Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses;

(4)   Damages for past and future mental anguish, emotional distress, and physical distress;

(5)   Exemplary damages in an amount to be determined by the trier of fact;

(6)   Prejudgment and post-judgment interest at the maximum legal rate;

(7)   All costs of Court;

(8)   Attorneys' fees;

(9)   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: ___*Theodore Anderson*___
Theodore C. Anderson
State Bar No. 01215700
W. D. Masterson
State Bar No. 13184000
John H. Crouch, IV
State Bar No. 00783906
Robert M. Behrendt
State Bar No. 24012270

3109 Carlisle
Dallas, Texas 75204
(214) 969-9099 - Telephone
(214) 953-0133 - Facsimile

**ATTORNEYS FOR PLAINTIFF**
**BEVERLY DAVIS**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 450-2006-00473 |

**Texas Workforce Commission Civil Rights Division** and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Beverly Davis | (214) 337-7425 | 12-18-1956 |

Street Address: 2530 Woodmere Drive, Dallas, TX 75233

EXHIBIT A

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CITY OF DALLAS | 500 or More | (214) 670-7397 |

Street Address: 1500 Marilla St, Dallas, TX 75201

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-25-2005    Latest: 04-25-2005
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.  Personal Harm:

On or about April 25, 2005, I was issued a performance evaluation by Jack Ireland, Director of Equipment and Building Services, that did not accurately reflect my performance between April 1, 2004 through March 31, 2005.

II. Respondent's Reason for Adverse Action:

I was told by Jack Ireland, Director of Equipment and Building Service that it was not a negative rating and that others under his supervision had received the same rating.

III. Discrimination Statement:

I believe that I have been discriminated against because of my race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb 10, 2006 — Beverly Davis (Charging Party Signature)

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT: Beverly Davis

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year): 2/10/06

# Employee Feedback of the process cont.

- Citywide, 6,248 civilian employees participated in the 2005 Performance Appraisal Evaluation. According rating results, by race, the following factors were identified:

  - Of the 2,516 African Americans (AA) rated, AA were scored more often at the "Has Potential" and "Unsatisfactory" level as compared to the Citywide average. Similarly, At the "Distinguished" level AA were rated 47% less than the Citywide average.

  - Of the 2,078 Caucasians rated, employees were scored at the "Superior" level 5.5% higher than the citywide average. In addition, Caucasians were rated .9% higher at the "Distinguish" than the citywide average.

  - Of the 1,640 Hispanic Americans rated, participants were rated 74.6% at the "Fully Successful" level which is slightly above the citywide average. Hispanics were close to the City averages in all other categories with the exception of "Superior" where they were 3.6% lower than the citywide average.

  - Native Americans (133), Asian Americans (39) and Employees who did not disclose their ethnicity (22) comprised of 194 (3.1%) aggregated ratings are available upon request.



EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Dallas District Office

207 S. Houston Street, 3rd Floor
Dallas, Texas 75202-4726
Toll Free: 866-408-8075
Potential Charge Inquiries: 800-669-4000
TTY (214) 253-2710
FAX (214) 253-2720
http://www.eeoc.gov

**Dallas District Office**
San Antonio Field Office
El Paso Area Office

**EEOC Charge Number: 450-2006-00473**

Beverly Davis
2530 Woodmere Drive
Dallas, Texas 75233

Charging Party

David K. Etheridge, Director
Department of Human Resources
City of Dallas
1500 Marilla Street
Dallas, Texas 75201

Respondent

### Letter of Determination

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended.

All requirements for coverage have been met. The Charging Party alleges that because of her race, Black, she was issued a performance evaluation by Jack Ireland, Director of Equipment and Building Services, that did not accurately reflect her performance.

During the investigation the parties were afforded the opportunity to submit evidence in support of their respective positions. I have considered all the evidence disclosed during the investigation, including but not limited to that obtained from the parties, and have concluded that there is reasonable cause to believe that a violation of Title VII of the Civil Rights Act of 1964, as amended, has occurred as alleged. The available evidence indicates on April 25, 2005, the Charging Party was issued a below standard performance evaluation that did not accurately reflect her performance. The Charging Party provided substantial evidence that Respondent's purported reason for the "Has Potential" performance rating was pretextual. Specifically, the evidence indicates that during the period of December 1, 2004, through March 31, 2005, Charging Party was given a "Has Potential" performance evaluation despite the evidence, that the Charging Party was an outstanding employee, has always received outstanding performance reviews and has had an exemplary career with Respondent. This appears to be a consistent pattern with the Black employees who are supervised and evaluated by Jack Ireland. The

EXHIBIT
C

Letter of Determination
EEOC Charge No: 450-2006-00473
Page 2

evidence clearly indicates that the only two Black employees supervised by Jack Ireland received below standard performance ratings, whereas the non-Black employees under the same supervisor received higher performance ratings.

It is well established that where the Commission determines there is reasonable cause to believe that a charge is true, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined there is reasonable cause to believe that Ms. Davis' charge is true, as alleged, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. A representative of the Commission's Dallas District Office will be in contact with the parties in the near future to begin the conciliation process. Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with 107 of Title I and Section 1601.26 of the Commission's Procedural Regulations.

If Respondent declines to enter into settlement discussions, or if the Commission's representative for any other reason is unable to secure a settlement acceptable to the Commission, the Commission's District Director shall inform the parties in writing and advise them of the court enforcement procedures available to the Charging Party and the Commission.

August 8, 2007
Date

Michael C. Fetzer
District Director

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Beverly Davis

**DEFENDANTS**
City of Dallas

RECEIVED JUL - 2 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(b)** County of Residence of First Listed Plaintiff: Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Theodore C. Anderson
Kilgore & Kilgore, PLLC
3109 Carlisle
Dallas, Texas 75204
214-969-9099

Attorneys (If Known)

**3-08CV1123-L**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- **x 3 Federal Question** (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | x 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | **x 442 Employment** | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- **x 1 Original Proceeding**
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Title VII, 42 U.S.C. 2000e, et seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** x Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: July 2, 2008
SIGNATURE OF ATTORNEY OF RECORD: Theodore Anderson

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUN _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.