UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEVERLY DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 08-CV-01123-B |
| | § | |
| CITY OF DALLAS. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Leave to File Second Amended Original Complaint ("Motion to Amend") (doc. 21), filed February 27, 2009. Upon review of the Motion, briefing, and history of the case, the Court **GRANTS** the Motion for the reasons explained below.

### I.

### BACKGROUND

This case involves an employment discrimination case against the City of Dallas. Beverly Davis, an African-American employee of the City, alleges she received a sub-standard performance evaluation under a new performance evaluation system implemented by the City which affected the amount of her pay raise and her retirement benefits. She brings claims for race discrimination, retaliation, and violations of 42 U.S.C. § 1981. She alleged in her Complaint, as well as in her Amended Complaint, that on "October 17, 2006, a briefing was passed out during a Directors meeting indicating that African-American employees were more likely to be rated as 'Unsatisfactory' or 'Has Potential' [and] African-Americans received the top rating of 'Distinguished' 47% less than the city average." Davis attached to her original Complaint a copy of the City's briefing which

1

indicated the impact of the new performance evaluation system on various racial groups.

According to Plaintiff's Motion to Amend, after receiving several extensions of time to respond to requests for document production, the City refused to respond to her discovery requests aimed at seeking information for a "disparate impact" claim. On January 28, 2009, over two months after the deadline for amendment of pleadings had passed, the City served its discovery responses refusing to produce documents relating to its own information about the impact of the performance evaluation system on African-American employees. In response, Plaintiff filed this Motion to Amend on February 27, 2009, seeking leave to amend her complaint to clarify her disparate impact claim.

## II.

## LEAVE TO AMEND

### A. Applicable Law

Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure, not Rule 15. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Pursuant to Rule 16, a scheduling order should not be modified unless there is a showing of good cause. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."); *see also* FED. R. CIV. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . ..").

The Fifth Circuit has set forth four factors for determining whether a movant has established good cause for modification of a scheduling order after the deadline has passed:

> (1) the explanation for the failure to timely move for leave to amend;

>            (2) the importance of the amendment;
>
>            (3) potential prejudice in allowing the amendment; and
>
>            (4) the availability of a continuance to cure such prejudice.

*S&W Enters., L.L.C.*, 315 F.3d at 536. "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, No. 3:03-CV-0256-D, 2004 WL 1243151, at * 2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause. *Id.* Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, No. 3:96-CV-3363-D, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)). Rule 15(a), which allows for liberal leave to amend, only comes into play once the moving party has demonstrated good cause under Rule 16(b). *S&W Enters.*, 315 F.3d at 536.

## B.  Analysis

The Court now considers whether Plaintiff has shown good cause to amend the amendment of pleadings deadline set in the Scheduling Order. Because Plaintiff seeks leave to amend their complaint over three months after the November 10, 2008 deadline for the amendment of pleadings established in the Scheduling Order, Federal Rule of Civil Procedure 16(b) applies. *See S&W Enters., L.L.C.*, 315 F.3d at 536. Plaintiff does not directly discuss Rule 16(b) in her Motion, instead basing her arguments on Rule 15(a)'s more liberal amendment standard. FED. R. CIV. P. 15(a) (leave to amend "shall be freely given when justice so requires"). However, Plaintiff does address good cause and Rule 16(b) in her Reply to Defendant's Response. Further, many of the facts which demonstrate good cause were discussed by Plaintiff in her Motion.

The Court examines the Plaintiff's explanation for her failure to timely move to amend and finds that Plaintiff offers an adequate explanation for her delay in seeking to amend. *See S&W Enters.*, 315 F.3d at 536.  Plaintiff seeks to file a Second Amended Complaint because the City has taken the position that disparate impact has not been pleaded by Plaintiff and, thus is resisting discovery related to a disparate impact claim.  Plaintiff asserts the facts supporting the disparate impact claim have been alleged since the case was initially filed and were present in the EEOC investigation.  Nonetheless, Plaintiff seeks leave to amend to "include the phrase 'disparate impact' and supporting allegations in her existing count for discrimination under Title VII."  According to Plaintiff, she is not adding a new cause of action, "but merely clarifies part of the proof in support of her claim."

The Court finds that Plaintiff has acted with diligence in seeking leave to amend. *See id.* Within a month of realizing the need to file an amendment, Plaintiff filed this Motion to Amend. In an attempt to obviate the need for a lengthy discovery dispute, the Plaintiff sought leave to amend to clarify the disparate impact claim of which she asserts the City has ample notice based on the history of the case and the EEOC investigation.   Plaintiff argues this was the more efficient method to handle the City's attempts to "thwart Plaintiff's efforts to obtain relevant and important discovery."  The Court cannot conclude that by taking this course Plaintiff has shown any lack of diligence.

The Court further finds that the City of Dallas would not suffer prejudice if Plaintiff were permitted to amend her complaint at this stage of the litigation. *See id.* Trial in this case is set for November 2, 2009.  The proposed Second Amended Complaint does not make any new factual allegations and Plaintiff's basis for the disparate impact claim is the City's own report on the impact

4

of the new performance evaluation system on various minority groups. The discovery period is not over until June 1, 2009 and the parties are allowed to extend this deadline by agreement. There is ample time for the parties to engage in further discovery on the disparate impact claim before the dispositive motion deadline of July 1, 2009. The Court also notes that the facts forming the basis of Plaintiff's disparate impact claim were alleged in her first Complaint filed July 2, 2008 and, based on the fact that the City released the report to certain employees at a meeting, the City is fully aware of these facts. Furthermore, although the Court does not anticipate it being necessary in this case, the City could make a motion at a later date for extension of future deadlines, which could cure any possible prejudice to the City resulting from the amendment being allowed. *See id.*

Based on an analysis under Rule 16(b), the Court finds that Plaintiff has shown good cause to allow a modification of the deadline for amendment in the Scheduling Order. Furthermore, under Rule 15(a)(2), the Court finds that granting leave to amend is in the interest of justice.

### III.
### CONCLUSION

For the reasons stated in this Order, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint. Therefore, the deadline for Plaintiff to electronically file the Second Amended Complaint which was attached to the Motion is *three business days of the date of this Order*.

**SO ORDERED.**

**SIGNED April 9, 2009**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE