

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 0 2010

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

1UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEVERLY DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-1123-B |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

## I. General Instructions

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated in these instructions, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. All persons, including government entities, stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. The term "evidence" does not include anything that I have instructed you to disregard. Evidence admitted before you for a limited purpose may not be considered for any purpose other than that limited purpose for which it was admitted.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. If an attorney's question contained an assertion of fact that the witness did not adopt, the assertion is not evidence of that fact.

Although you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts established by the evidence in the case.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" exists when the evidence directly establishes the facts that a party asserts to be true, such as

by an eye witness or in a document.  "Circumstantial evidence" is proof of a chain of facts and circumstances that, without going directly to prove the existence of an essential fact, gives rise to a logical inference that such fact does actually exist.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.  You are the sole judges of the "credibility" or believability of each witness and the weight to be given to the witness' testimony.  In weighing the testimony of a witness, you should consider the witness' relationship to a particular party; the witness' interest, if any, in the outcome of the case; the witness' manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness' candor, fairness, and intelligence; and the extent to which the witness' testimony has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness, in whole or in part.

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that field—called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his

income.

Two EEOC determination letters containing conclusions of the EEOC were admitted into evidence in this case. You are not bound by the determination or conclusions of the EEOC. You may consider the EEOC's determination as evidence and assign it whatever weight you believe it carries. However, your verdict must be the result of your own evaluation of all of the evidence you heard in this courtroom.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the witness' present testimony. If you believe that any witness has been so impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

The burden of proof in this case is by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim or defense by a "preponderance of the evidence" merely means to prove that the claim or defense is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence,

you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of a claim or defense by a preponderance of the evidence, you must find against the party with the burden of proof.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

In this charge "Plaintiff" means Plaintiff Beverly Davis. "Defendant" means Defendant City of Dallas. As a government entity, defendant may act only through natural persons as its agents or employees. In general, you may consider the acts of the government entity's employees in deciding if you believe the City of Dallas has violated the law.

## II.  Claims of the Parties

## Title VII–Discrimination on the Basis of Race

### *42 U.S.C. § 2000 et seq. (Title VII)*

In answering Question Nos. 1–4, you are instructed as follows:

Plaintiff alleges that Defendant discriminated against her on the basis of her race, in violation of Title VII,  by assessing her a series of low performance ratings that subjected her to reduced pay increases and reduced retirement.

In order to establish this claim, Plaintiff must prove both of the following essential elements with respect to each performance rating:

First, that the defendant assessed the plaintiff a low performance rating, thereby subjecting her to a reduced pay increase and reduced retirement and

Second, that the plaintiff's race was a motivating factor for the defendant's assessing a low performance rating.

If you find that Plaintiff has proven both of these elements by a preponderance of the evidence, then you must find for Plaintiff and against Defendant on this claim.  If, on the other hand, you find that Plaintiff has failed to prove either of these elements by a preponderance of the evidence, then you must find against her on this claim and in favor of Defendant.

With respect to the second element, a  "motivating factor" is a consideration that moved Defendant towards its decision to assess a low performance rating.  Plaintiff is not required to prove that her race was the only reason Defendant assessed a low performance rating.  If you disbelieve the reason(s) Defendant has given for its decision, you may infer Defendant assessed a low performance rating because of her race.

- 6 -

You may not return a verdict for Plaintiff on her claim of race discrimination just because you might disagree with Defendant's actions or believe them to be harsh or unreasonable.  Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful discrimination.  You should not second-guess Defendant's decisions or substitute your own judgment for Defendant's.

QUESTION NO. 1:

Did Defendant discriminate against Plaintiff because of her race by assessing her a "Has Potential" performance rating in April 2005?

> Instruction: Plaintiff has the burden of proof.  If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER:



QUESTION NO. 2:

Did Defendant discriminate against Plaintiff because of her race by assessing her a "Fully Successful" performance rating in January 2006?

> Instruction: Plaintiff has the burden of proof.  If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER:



QUESTION NO. 3:

Did Defendant discriminate against Plaintiff because of her race by assessing her a "Fully Successful" performance rating in October 2006?

Instruction: Plaintiff has the burden of proof.  If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER:

No

QUESTION NO. 4:

Did Defendant discriminate against Plaintiff because of her race by assessing her a "Fully Successful" performance rating in January 2008?

Instruction: Plaintiff has the burden of proof.  If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER:

No

Title VII—Hostile Work Environment—Racial Harassment

*42 U.S.C. § 2000 et seq. (Title VII)*

In answering Question No. 5, you are instructed as follows:

Under Title VII of the Civil Rights Act of 1964, an employer may not discriminate against an employee because of that employee's race. This includes harassment based on a person's race.

Ms. Davis claims she was harassed by her supervisor because of her race and that her employer, the City, is responsible for the harassing conduct. The City denies these claims.

For the City to be liable for racial harassment, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of Ms. Davis' employment and create a hostile or abusive work environment. To determine whether the conduct in this case rises to a level that alters the terms or conditions of Ms. Davis' employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

Unlawful harassment may include extremely insensitive conduct because of race. Simple teasing, offhand comments, sporadic use of offensive language, occasional race-related jokes, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. Discriminatory intimidation, ridicule, or other verbal or physical conduct done because of Ms. Davis' race may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile work environment existed, you must consider the

- 9 -

evidence from both Ms. Davis' perspective and from the perspective of a reasonable person. First, Ms. Davis must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Ms. Davis would find the conduct offensive.

QUESTION NO. 5:

Did Defendant subject Plaintiff to a hostile work environment by racial harassment?

Instruction: Plaintiff has the burden of proof. If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER:     ___No_____

Title VII–Retaliation

*42 U.S.C. § 2000 et seq. (Title VII)*

In answering Question Nos. 6–8, you are instructed as follows:

Plaintiff alleges that Defendant retaliated against her by engaging in numerous adverse actions, in violation of Title VII, because she filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC").

In order to establish this claim, Plaintiff must prove each of the following essential elements with respect to each of the alleged adverse actions:

First, that she filed a charge of racial discrimination with the EEOC;

Second, that she suffered a materially adverse action contemporaneously with or subsequent to filing a charge of racial discrimination with the EEOC; and

Third, that the plaintiff's filing a charge of racial discrimination with the EEOC was a motivating factor for the defendant's engaging in the materially adverse action.

If you find that Plaintiff has proven each of these elements by a preponderance of the evidence, then you must find for Plaintiff and against Defendant on this claim.  If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements by a preponderance of the evidence, then you must find against her on this claim and in favor of Defendant.

The first element listed above is not an issue in this case.  The parties agree that Plaintiff filed a charge of racial discrimination with the EEOC.

With respect to the second element, an "adverse action" is one that alters the employee's

- 11 -

terms, conditions, or privileges of employment, or otherwise adversely affects her status as an employee. An adverse action, however, does not include a mere inconvenience or personality conflict in the workplace. In order for an "adverse action" to be a "materially adverse action," Plaintiff must show that Defendant's actions were harmful to the point that they could well discourage a reasonable worker from making or supporting a charge of discrimination.

In determining whether Defendant's actions could well discourage a reasonable worker from making or supporting a charge of discrimination, you must look at the evidence from the perspective of a reasonable person's reaction to similar actions under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged actions must be such that a reasonable person in the same or similar circumstances as Plaintiff would be discouraged from making or supporting a charge of discrimination.

With respect to the third element, a "motivating factor" is a consideration that moved Defendant towards its decision to engage in a materially adverse action. Plaintiff is not required to prove that her filing a charge of race discrimination with the EEOC was the only reason Defendant engaged in a materially adverse action. If you disbelieve the reason(s) Defendant has given for its decision(s), you may infer that Plaintiff experienced a materially adverse action because she filed a charge of racial discrimination with the EEOC.

It is not a violation of the law, however, for an employer to make an employment decision based on factors other than an employee's protected activity. The fact that an employer's business judgment—including subjective business judgment—may or may not have been fair or wise in your

- 12 -

opinion, or that you may disagree with Defendant's position, does not mean Defendant unlawfully retaliated against Plaintiff.

QUESTION NO. 6:

Did Defendant retaliate against Plaintiff by refusing to name her Acting Director when the Director was absent because she filed a charge of race discrimination with the EEOC?

Instruction: Plaintiff has the burden of proof. If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER: _____No_____

QUESTION NO. 7:

Did Defendant retaliate against Plaintiff by transferring her to the Fair Housing Section in December 2009 because she filed a charge of race discrimination with the EEOC?

Instruction: Plaintiff has the burden of proof. If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER: _____No_____

QUESTION NO. 8:

Did Defendant retaliate against Plaintiff by taking away the Design and Construction Division in January 2008 because she filed a charge of race discrimination with the EEOC?

Instruction: Plaintiff has the burden of proof. If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER: _____No_____

III.    **Instructions on Deliberations**

The fact that I have given you in this charge instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted in any way as an indication that I believe a particular party should, or should not, prevail in this case.

In order to return a verdict, your verdict must be unanimous.  It is your duty as jurors to consult one another and to deliberate with a view towards reaching an agreement.  Each of you must decide the case for yourself, but only after an impartial consideration with each other of all the evidence in the case.  In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion if convinced it is erroneous.  Do not, however, surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or for the mere purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

As soon as I finish reading this charge, you will retire to the jury room.  I will send you the exhibits that have been admitted into evidence.  You will first select one member of the jury to act as presiding juror.  The presiding juror will preside over your deliberations and will speak on your behalf here in court.

Do not deliberate unless all members of the jury are present in the jury room.  In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

When you have reached unanimous agreement as to your verdict, the presiding juror shall

- 14 -

fill in your answers to the questions on a copy of the charge that I will provide to you for this purpose, shall date and sign the last page of that copy of the charge, and shall notify the court security officer that you have reached a verdict. The court security officer will then deliver the verdict to me.

The court will honor the schedule you set for your deliberations and your requests for breaks during your deliberations. From time to time I may communicate with you concerning your schedule. This is done primarily for the purpose of anticipating the court's staffing needs, and is not in any way intended to suggest that your deliberations should be conducted at a different pace or on a different schedule.

During the trial, the court reporter made a verbatim record of the proceedings. The court rules do not provide for testimony to be produced for the jury in written form, or for testimony to be read back to the jury as a general aid in refreshing the jurors' memories. In limited circumstances, the court may direct the court reporter to read testimony back to the jury in open court. This is done, however, only when the jury certifies that it disagrees as to the testimony of a particular witness, and identifies the specific testimony in dispute.

If, during your deliberations, you desire to communicate with me, your presiding juror will reduce your message or question to writing, sign it, and pass the note to the court security officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by asking you to return to the courtroom so that I can address you orally. If you do send a message or ask a question in which you indicate that you are divided, never state or specify your numerical division at the time.

- 15 -

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

SO ORDERED

SIGNED: September 10, 2010

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE